53 Misc. Rep. 597, 103 N. Y. Supp. 778; First Nat. Bank v. Story, 200 N. Y. 346, 93 N. E. 940, 34 L. R. A. (N. S.) 154, 21 Ann. Cas. 542. The promissory note held by the defendant, made by the Chocolate Company, was a matured claim on March 18, 1915, and the defendant had a lien upon the amount of the deposit for the payment of the promissory note. Having such a lien, it was entitled to make the application of payment upon the note and charge the account of the Chocolate Company with the same on March 19, 1915, after plaintiff's appointment. Smith v. Eighth Ward Bank, 31 App. Div. 6, 52 N. Y. Supp. 290.

The allegations of the answer, if true, constitute a perfect defense to plaintiff's cause of action, and the plaintiff's demurrer thereto must be overruled, with costs.

---

## WALSH v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Division, Second Department. July 30, 1915.)

1. STREET RAILROADS ⬤⟿114—LIABILITY FOR INJURIES—CONTRIBUTORY NEGLIGENCE.

Plaintiff, a man 57 years old, attempted to cross defendant's street car tracks after having seen a car about 100 feet away and approaching very fast. When he reached the first rail he looked at the car again, which was then very close and was going at the same speed. He started to cross without quickening his pace, and was struck by the fender as he stepped on the track. The street was clear and there was nothing to confuse him. Held, that he was guilty of contributory negligence, requiring a reversal of a judgment in his favor.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–250; Dec. Dig. ⬤⟿114.]

2. STREET RAILROADS ⬤⟿98—INJURY TO PERSONS ON TRACKS—CARE REQUIRED.

A pedestrian about to cross a street car track cannot rely on what he thinks the motorman will do, but may only assume that the motorman will have his car under reasonable control with respect to him, and he on his part must exercise relative care.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 204–208; Dec. Dig. ⬤⟿98.]

Appeal from Queens County Court.

Action by Catherine Walsh, committee of Edmund J. Walsh, an incompetent person, against the Brooklyn, Queens County & Suburban Railroad Company. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed and remanded.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and RICH, JJ.

S. B. Olney, of Lawrence (D. A. Marsh, of Brooklyn, on the brief), for appellant.

Frederick N. Van Zandt, of New York City, for respondent.

PER CURIAM. [1] We think that the plaintiff did not sustain the burden as to his contributory negligence. He was a man 57 years of age, who was struck by the defendant's street surface railway car

during an attempt to cross the tracks in a city street. The plaintiff's testimony is that as he stood on the curb he saw the car distant 100 feet and approaching very fast. The first rail of the tracks was 21 feet from that curb. The plaintiff stepped down to attempt the crossing. When he reached that first rail, he turned to see the car, then about 35 feet away. There had been no change in its speed. He had walked at the rate of 3 miles an hour, and as he had one foot on the track of the car he heard the ring of the gong and turned to see the car very near—and then he was struck by the fender. He estimated that the car was about 14 feet distant when he had reached the first rail, but one of his witnesses estimates that distance at 24 feet. The plaintiff describes the speed of the car at that time as like unto that of a fire engine galloping to a fire. In that situation, he essayed to cross over in front of the car, and yet he did not attempt to quicken his pace. There is no apparent reason for his venture. For aught that appears, he could have halted and have drawn back. There was neither vehicle nor pedestrian to interfere with him nor to confuse him. He had no reason to suppose that the car would come to a standstill before it reached his locality.

[2] One bit of proof elicited from the plaintiff is significant, even in its incompleteness: "I intended to cross and I thought the motorman—." He had no right to act upon his thought of what the motorman would do, but only upon the assumption that the motorman would have his car under reasonable control with respect to the plaintiff, who would on his part exercise relative care. Thompson v. Metropolitan Street R. Co., 89 App. Div. 10, 85 N. Y. Supp. 181.

We think the plaintiff took the chance beyond the warrant of due care, and that under the principles enunciated in Greene v. Metropolitan St. R. Co., 100 App. Div. 303, 91 N. Y. Supp. 426, and Zucker v. Whitridge, 205 N. Y. 50, 89 N. E. 209, 41 L. R. A. (N. S.) 683, Ann. Cas. 1913D, 1250, and cases cited therein, the judgment and order of the County Court of Queens County must be reversed, and a new trial must be ordered; costs to abide the event.