Joseph R. McGuire, Respondent, *v.* New York Railways Company, Appellant.

First Department, February 23, 1917.

Railroad — negligence — injury to pedestrian struck by street car — contributory negligence — error of judgment — erroneous charge.

Although the court in an action for personal injuries sustained by the plaintiff who was struck by one of defendant's cars while crossing the street specifically charged the jury that the slightest negligence on the part of the plaintiff contributing to the accident would defeat his recovery, it was reversible error for the judge subsequently to give and leave with the jury the impression that the important question for them to decide was whether the conduct and acts of the plaintiff constituted contributory negligence or whether it was an error of judgment on his part, because it would allow them to test the plaintiff's negligence by his own judgment and not by the judgment of a man of ordinary prudence.

If the plaintiff miscalculated the speed of the approaching car and his ability to cross without danger, he was guilty of contributory negligence by acting upon his miscalculation, if a reasonably prudent man under the same circumstances would not so have acted.

Appeal by the defendant, New York Railways Company, from a judgment of the Supreme Court in favor of the plain-

tiff, entered in the office of the clerk of the county of New York on the 30th day of June, 1916, upon the verdict of a jury for $6,000, and also from an order entered in said clerk's office on the 27th day of June, 1916, denying defendant's motion for a new trial made upon the minutes.

*B. H. Ames,* for the appellant.

*George F. Hickey,* for the respondent.

SMITH, J.:

The plaintiff, a man fifty-eight years old, was struck by a car of the defendant while he was crossing Lenox avenue at One Hundred and Twenty-third street, in the city of New York, about nine-thirty o'clock on the night of March 21, 1915. The plaintiff testified that as he started to cross from the east to the west side of Lenox avenue, he looked to the north and saw a south-bound car at a point somewhere between One Hundred and Twenty-fourth street and One Hundred and Twenty-fifth street, with no other trolleys or vehicles between him and that car. The car was coming at a high rate of speed and gave no warning or signal by gong or otherwise of its approach. As plaintiff stepped down from the curb a north-bound car, which had been at a standstill, started up and had completely passed him by the time the plaintiff reached the easterly rail of the north-bound track. As he stepped across the westerly rail of the north-bound track he looked again to the north and saw a south-bound car with the front end at the northerly crosswalk. Plaintiff continued on, and, as he was somewhere between the rails of the south-bound track, the car, which had come across One Hundred and Twenty-third street without reducing its speed, struck and injured him.

At one part of the charge the trial court said: "The law is that if the plaintiff is negligent at all and that negligence contributed to this accident, he cannot recover in this case, no matter how negligent the motorman may have been, so the question really is this, 'was the plaintiff guilty of any negligent act which contributed to the accident, or was it an error of judgment?' Was he justified under all the circumstances surrounding the situation in making an estimate that he would

First Department, February, 1917.      [Vol. 176.

get over that track and in acting on that estimate? If you find it was an error of judgment on the part of the plaintiff, you may find in his favor, but if it was contributory negligence in the slightest degree, your verdict must be in favor of the defendant." After the main charge the defendant's counsel requested the court to charge "that if the plaintiff looked and saw the car and calculated, as he says himself, that he had time to cross, that then the motorman cannot be held negligent for calculating the same thing." To this request the court responded: "It is not a question of whether the motorman should be blamed for calculating anything. There is no evidence that we have as to what the motorman did, beyond the evidence that he was going at a rapid rate of speed and gave no signal of his approach. I repeat that the important question for you to decide is whether the conduct and acts of the plaintiff constituted contributory negligence or whether it was an error of judgment on his part." To that an exception was taken by the defendant's counsel. It is true that the learned trial judge specifically charged the jury that the slightest negligence on the part of the plaintiff contributing to the accident would defeat his recovery, but it is apparent, however, that the jurors were left with the impression that if they could say that it was an error of judgment on the part of the plaintiff which contributed to produce the injury, that did not constitute contributory negligence, and that the plaintiff might recover. This was the last word of the trial judge upon the subject to the jury: "I repeat that the important question for you to decide is whether the conduct and acts of the plaintiff constituted contributory negligence or whether it was an error of judgment on his part." There are cases in which it is held that where one is put in a position of danger by the negligence of another where he must quickly choose between one of two courses, a mere error of judgment in making that choice does not constitute contributory negligence, and, further, there are cases which hold that a mere error of judgment is not as a matter of law contributory negligence. The standard by which plaintiff's acts are to be judged, however, is the judgment of a reasonably prudent man under like circumstances, and not the judgment of the plaintiff himself.

He may have miscalculated the speed of the car and his ability to cross without danger, but, nevertheless, it would be contributory negligence to have acted upon that miscalculation if a reasonably prudent man under the same circumstances would not so have acted. In *Hoyt* v. *N. Y., L. E. & W. R. R. Co.* (118 N. Y. 399) the opinion of the Court of Appeals reads: "Again the learned judge charged the jury 'but mere error of judgment as to what particular part of the crossing he would drive this loaded wagon over, could not be called negligence.' This I am disposed to think was erroneous. The judgment that is required to be exercised is the judgment of a man of ordinary and common prudence. The judgment of an imbecile or idiot will not suffice unless such judgment accords with the standard above indicated. The defendant excepted 'to so much of the charge as says that contributory negligence is not made out by showing error of judgment as to the part of the crossing he would drive over.' The error of judgment referred to in the exception is not necessarily the error of judgment of a man of ordinary prudence and the judge did not follow this expression 'of an error of judgment' with the explanation which followed the former expression or with any qualification whatever."

Within this rule of law, therefore, the jury was improperly allowed to test the plaintiff's negligence by his own judgment and not by the judgment of a man of ordinary prudence, and for that error the judgment and order must be reversed and a new trial granted, with costs to appellant to abide the event.

Scott, Laughlin, Dowling and Davis, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.