Joseph R. McGuire, Respondent, v. New York Railways Company, Appellant.

First Department, January 10, 1919.

Railroads — street railways — relative rights and duties of pedestrians and motormen at street crossings — when pedestrian not guilty of contributory negligence as matter of law in attempting to cross in front of approaching car — appeal — affirmance of judgment.

The right of passage at street crossings is common to all and both pedestrians and motormen of street cars are bound to exercise reasonable care for their own safety and the safety of others upon the street.

Where a pedestrian on a downtown crosswalk looks and sees an approaching street car above the uptown crosswalk fully twenty-nine feet distant, even though it is moving rapidly and with unslackened speed, he cannot be said as a matter of law to be guilty of contributory negligence if he attempts to cross at a " good fast gait " and is struck just as he is leaving the far rail.

Two juries having passed upon the facts in this case and having found the defendant negligent and the plaintiff free from negligence, and upon a prior appeal, the evidence being much the same, the point having been made that the plaintiff was guilty of contributory negligence as a matter of law, but the complaint was not dismissed, the judgment should be affirmed.

Merrell, J., and Clarke, P. J., dissented, with opinion.

Appeal by the defendant, New York Railways Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of March, 1918, upon the verdict of a jury for $7,500, and also from an order entered in said clerk's office on the 16th day of April, 1918, denying defendant's motion for a new trial made upon the minutes.

*Francis L. Wellman* of counsel [*James L. Quackenbush,* attorney], for the appellant.

*George F. Hickey* of counsel [*Alfred M. Bailey* with him on the brief; *Thomas E. Flynn,* attorney], for the respondent.

Shearn, J.:

The question to be determined is whether the plaintiff was guilty of contributory negligence as a matter of law. The jury was warranted in finding from the evidence, which is summarised in the opinion of Mr. Justice Merrell, and which is practically uncontradicted, that the plaintiff while proceeding westerly across Lenox avenue on the downtown or southerly crosswalk of One Hundred and Twenty-third street, looked to the north just before attempting to cross the first rail of the downtown trolley railroad track, saw a car rapidly approaching, with its front just above the northerly crosswalk, concluded that he could pass safely, proceeded on his way at a " good fast gait " and was struck by the car just as he was stepping off from the westerly rail. The car which was approaching the crossing was at least twenty-nine feet to the north of the plaintiff when he attempted to cross. The relative rights and duties of pedestrians and motormen at street crossings are so well settled that it seems almost trite to restate the law; yet it is the logical approach to a correct conclusion. Referring to the rights of pedestrians and drivers in the use of city street crossings, Judge Werner said in *Baker* v. *Close* (204 N. Y. 92): " There the right of passage is common to all, and both footmen and drivers are bound to exercise reasonable care for their own safety and the safety of others upon the street. The rigorous rule applicable to steam railroad crossings is necessarily relaxed at the usual street crossings, and the footman is not required, as matter of law, to look both ways and listen, but only to exercise such reasonable care as the case requires, for he has the right to assume that a driver will also exercise due care and approach the crossing with his vehicle under proper control. (*Buhrens* v. *Dry Dock, E. B. & B. R. R. Company,* 53 Hun, 571; affd., 125 N. Y. 702.) At such street crossings both pedestrians and drivers are required to exercise that degree of prudence

First Department, January, 1919. [Vol. 186.

and care which the conditions demand. (*Brooks* v. *Schwerin*, 54 N. Y. 343.) It is impossible to formulate any more precise definition of these relative rights and duties. The only modifications of this general rule, that there is an equality of right as between pedestrians and drivers in the use of the public streets, are that street cars which run upon a fixed or stationary right of way cannot turn aside to avoid collisions as other vehicles can, and to that extent they must have the right of way; and that a pedestrian who crosses a street at a place where there is no regular crossing may be chargeable with some additional vigilance because it is not a place set aside for the crossing of foot passengers, although even at such a place drivers are required to be watchful and careful. (*Moebus* v. *Herrmann*, 108 N. Y. 349.)"

Such difficulty as there is in applying these rules grows out of giving proper effect to the " right " of the pedestrian " to assume that a driver will also exercise due care and approach the crossing with his vehicle under proper control." Previous to the important decision rendered in *Knapp* v. *Barrett* (216 N. Y. 226), there was considerable diversity of opinion as to whether or not one who sees an approaching vehicle or car, miscalculates the danger of attempting to pass in front of it, and is injured, may still be free from fault. It was said that he might in *Buhrens* v. *Dry Dock, etc., R. R. Co.* (*supra*), but the learned counsel for the appellant contends that " The general language used in the opinion must be deemed to have been uttered with reference to the special facts of the case," and complains that what was said in that case has caused considerable confusion, has been frequently misapplied, and should not be adopted as a scientifically correct statement of the law. But Judge CARDOZO has carefully and precisely restated the law governing the relative duties of pedestrians and drivers of vehicles in the city streets in the recent case of *Knapp* v. *Barrett* (*supra*), and has expressly adopted the principle of the *Buhrens* case, saying: " The law does not even say that because he sees a wagon approaching, he must stop till it has passed. He may go forward unless it is close upon him; and whether he is negligent in going forward, will be a question for the jury. If he has used his eyes, and has miscalculated the danger, he

may still be free from fault." In view of these decisions, it seems to me to be perfectly plain that where, as in this case, a pedestrian on a downtown crossing looks and sees an approaching car above the uptown crossing, fully twenty-nine feet distant, even though it is moving rapidly and with unslackened speed, he cannot be said as a matter of law to be guilty of contributory negligence if he attempts to cross and is struck just as he is leaving the far rail. The Court of Appeals undoubtedly meant what it said when it stated that the question of negligence is for the jury when one goes forward under such circumstances, and that " If he has used his eyes, and has miscalculated the danger, he may still be free from fault." This does not mean, of course, that one can absolve himself from negligence by merely attributing his act to an error of judgment, in a case involving no sudden danger or emergency. To find that the misjudgment did not constitute negligence, the jury must find that the plaintiff exercised such judgment as a reasonably prudent person would exercise under the circumstances. Naturally, Judge Cardozo leaves open the question of how far a car may be away from the pedestrian before it can be said to be " close upon him," when he says, " He may go forward unless it is close upon him." It would be clearly inadvisable to fix upon any specific number of feet as a yardstick with which to determine contributory negligence as a matter of law. Many circumstances enter into the question, and that is why it is usually a question of fact. Where one steps immediately in front of an approaching car and is struck as he steps upon the first rail, it is perfectly obvious that no judgment whatever has been exercised and that the act is one of mere heedlessness. Clearly, that is not anything like the situation with which we are dealing, where the plaintiff was on the downtown crosswalk and the approaching car had not quite reached the uptown crosswalk. Of course it would have been prudent to wait for the car to pass, but the rights of both were equal in the street and there was no legal obligation upon the pedestrian to give way. It is common everyday experience that it is practically impossible to cross any busy city thoroughfare without passing in front of an approaching vehicle. In so doing, the pedestrian must be vigilant and use

the judgment that a reasonably prudent person would under the circumstances. Whether he has done so or not determines whether he is guilty or free from contributory negligence, which, as the Court of Appeals has held, is a question of fact for the jury.

Mr. Justice Merrell says, and lays great stress upon it, that " here the plaintiff saw that the car was not going to stop at the crossing, but was bearing down upon him with undiminished speed." I find no evidence justifying the conclusion that plaintiff " saw that the car was not going to stop," but the point is not whether the car was going to " stop;" it is whether, if under control, it would be slowed down so as to avoid running over him unnecessarily. It is true that the car approached the crossing with undiminished speed, but what becomes of the rule, so often reiterated, that the pedestrian has the " right " to assume that the motorman is approaching the crossing with his car under proper control? This is one factor that enters largely into the pedestrian's calculation and determines whether in attempting to cross he is merely taking a chance or is exercising judgment. A car " under proper control " can be appreciably slowed down within twenty-nine feet. This plaintiff almost escaped being struck, although no effort was made to slacken the speed of the car. The jury undoubtedly inferred, as they were warranted in doing, that the plaintiff assumed, as he had a right to do, that, being lawfully upon the street, the motorman would not deliberately run him down, but on the contrary would apply his brakes and slow down the car, which, if it had been done in this case, would, as the jury were entitled to find from the evidence, have avoided the accident. My own view is that the plaintiff was careless, not in venturing to cross in front of the car, but in failing to hasten his steps and endeavor to avoid being struck, and as a juryman I should have so found. But that is not the question in this court, for the law commits the determination of that fact to the jury. Neither is this a case that can be said to be against the weight of the evidence, for the evidence is practically uncontradicted and it only remains to draw the inference of fact.

In no event, as it seems to me, is this court warranted in dismissing the complaint, for after a previous verdict in favor

of the plaintiff the issues of fact were sent back for a new trial. (176 App. Div. 490.) Upon that appeal, the evidence being much the same, the point was made that the plaintiff was guilty of contributory negligence as a matter of law. But the complaint was not dismissed. Whether right or wrong, that decision has become the law of this case. The subsequent decision of the Court of Appeals in *Ploxin* v. *Brooklyn Heights R. R. Co.* (220 N. Y. 609, affg. 171 App. Div. 925) in no respect alters the situation, in my opinion, for the accident in that case occurred in the middle of a block where, as said by Judge Werner in *Baker* v. *Close* (*supra*), the pedestrian " may be chargeable with some additional vigilance because it is not a place set aside for the crossing of foot passengers." Neither can I see how the case of *Woodward* v. *New York Railways Co.* (164 App. Div. 658; affd., 221 N. Y. 538) affects the situation, for in that case the plaintiff, who was driving a wagon across Eighth avenue, looked uptown as she emerged from the street into the avenue and saw a car approaching about one block away, and then proceeded to drive across the avenue and paid no more attention to the car until she was nearly across the westerly tracks, when she became conscious that the car was right upon her. That was a totally different situation, for the plaintiff exercised no judgment whatever, was entirely oblivious to the approaching car, and did not look at all before driving upon the track; whereas, here, the plaintiff looked before attempting to cross the track and, as the jury found, made a miscalculation for which he was nevertheless free from fault. Two juries have passed upon these facts, and have found the defendant negligent and the plaintiff free from negligence, and I feel that well-established rules of law require that the judgment should be affirmed.

Laughlin and Page, JJ., concurred; Clarke, P. J., and Merrell, J., dissented.

Merrell, J. (dissenting):

This is an appeal by the defendant from a judgment in plaintiff's favor for personal injuries.

Plaintiff, a resident of the city of New York, a steamfitter

First Department, January, 1919.          [Vol. 186.

by trade, on the evening of March 21, 1915, attempted to cross Lenox avenue at the southerly crosswalk at One Hundred and Twenty-third street, when he was struck by defendant's south-bound car and severely injured. Attributing his injuries to the negligence of the defendant, and claiming that he himself was free from negligence which contributed to the accident, he brought this action to recover damages for such injuries.

Lenox avenue runs in practically a northerly and southerly course, and is eighty feet wide from curb to curb. One Hundred and Twenty-third street, running an easterly and westerly course, crosses Lenox avenue and, from curb to curb, is twenty-nine feet eight inches wide. Defendant's double-track surface line runs about midway between curbs on Lenox avenue, the east track being the north-bound, and the westerly being the south-bound, track. From the easterly curb to the east rail of the north-bound trolley track it is thirty-two feet. The distance between the rails of each of the trolley tracks is approximately five feet. Between the two tracks there is a strip of about five feet in width. The distance from the westerly rail of the south-bound track to the westerly curb of Lenox avenue is thirty-one feet eight inches.

Plaintiff testifies that, on the night of the accident, which was Sunday, he left his home to go to a neighboring liquor store to procure a pint can of beer to be drunk with his supper. After procuring the beer he came down Lenox avenue on the easterly side, crossed One Hundred and Twenty-third street, and then started across Lenox avenue toward the west at the southerly crosswalk of One Hundred and Twenty-third street. He testified that before starting across Lenox avenue he looked up and down the street; that he saw nothing in the southerly direction, but on looking northerly he saw a trolley car approaching on the south-bound or westerly track somewhere between One Hundred and Twenty-fifth and One Hundred and Twenty-fourth streets, and that it was running rapidly toward him. The street was well lighted and plaintiff's vision was clear. He then testifies that after looking northward and seeing the rapidly approaching car, he started across Lenox avenue. At that time there was a north-bound car which had stopped right at the crossing, but

that as he reached it this north-bound car moved along and he proceeded to cross. He says he crossed the north-bound track and, as he was on the strip between the two tracks and about to cross the south-bound track, he saw the car which he had first seen between One Hundred and Twenty-fourth and One Hundred and Twenty-fifth streets, just approaching the northerly crosswalk of One Hundred and Twenty-third street. He says the front of the car was just about at the crosswalk, and that it was still coming rapidly toward him, and coming about as fast as it had previously. Plaintiff testified that he thought he could get across without being hit, and proceeded on his way, traveling about the same gait as he had before, which he describes as " a good fast gait," and as he was about to step off the south-bound track he was struck by the car and received the injuries of which he complains. He testifies that there was no noise in the street, save that made by the approaching car, and that in attempting the crossing he thought he had plenty of room to cross without being hit. Plaintiff was rendered unconscious, and was carried to a hospital, where his injuries were treated.

The question was submitted to the jury as to whether or not the injuries to plaintiff arose from the negligence of the defendant's motorman, and the jury was asked to determine the question whether or not the motorman was driving the car in a reasonably careful and prudent manner. The question as to whether or not the plaintiff himself was guilty of such carelessness on his part as would prevent a recovery herein was also submitted to the jury as a question of fact.

The appellant contends that the evidence presented such a state of facts as to render the plaintiff chargeable with negligence as matter of law, and that under the proofs he was not entitled to a verdict.

The plaintiff insists that he had a right to go to the jury upon the evidence, and that it was for the jury to say, upon all the evidence, whether or not, in attempting to cross the track in front of the car which plaintiff saw rapidly approaching, he was acting in a reasonably careful and prudent manner.

The learned trial court adopted the plaintiff's theory, the case was submitted to the jury, both upon the question of the defendant's negligence and upon the question of plaintiff's

freedom from contributory negligence, and the jury rendered a verdict in favor of plaintiff for $7,500. From the judgment entered thereon this appeal is brought.

This is the second trial of the action. On the first trial the case was submitted to the jury upon an erroneous charge. The jury found a verdict for the plaintiff for $6,000, and on appeal the judgment entered thereon was reversed and a new trial granted, because of such error. (176 App. Div. 490.)

I think the facts in this case require a reversal of the judgment, and that we must hold that the plaintiff was himself guilty of negligence which contributed to the accident which befell him, and which must preclude any recovery herein. The law is well settled in this State that where one sees a rapidly approaching car and takes the chance of getting across the track ahead of it, under circumstances similar to those disclosed by the evidence here, and is struck, he is guilty of contributory negligence as matter of law, and cannot recover for damages sustained by reason of his carelessness. Plaintiff appreciated that the car, which he had first seen between One Hundred and Twenty-fourth and One Hundred and Twenty-fifth streets, was approaching at a very rapid speed. In traveling a good fast gait, as he testifies, from the easterly curb of Lenox avenue to the strip between the trolley tracks, a distance of less than forty feet, and in again looking toward the north at the approaching car, he saw that it had covered the distance of over a block and was then upon the northerly crosswalk of One Hundred and Twenty-third street and still coming on at undiminished speed, and when he then, without waiting for the rapidly approaching car to pass, continued on without increasing his speed, and was struck before he had entirely crossed the track, it cannot be said that he acted with that reasonable care and prudence which the law required of him. When he last looked, as he was about to step upon the south-bound track, he saw the car thereon but twenty-nine feet away and coming on with undiminished speed. His knowledge of the situation would not have been increased through any warning from the car, the rapid approach of which he fully appreciated. Common prudence would have impelled him

to wait until the car had passed, or, at least, have quickened his steps. It cannot be said that he suffered through a mere mistake of judgment, as no reasonably prudent man would, we think, attempt the crossing under such circumstances. The decision in the case of *Ploxin* v. *Brooklyn Heights R. R. Co.* (171 App. Div. 925), recently affirmed, without opinion (220 N. Y. 609), involved a state of facts practically identical with those in the instant case. The determination of the Appellate Division in that case is reported in the following memorandum: " Judgment and order reversed, with costs, and complaint unanimously dismissed, with costs, upon the ground that the evidence establishes, as matter of law, that decedent was guilty of contributory negligence. The evidence, viewed in the light most favorable to plaintiff's case, tended to establish that the decedent, having seen the well-lighted car, some thirty feet east of Lawrence street — that is, from one hundred and eighty to two hundred feet east of his position — approaching rapidly upon the further or northern track, started to walk across the street directly in front of the car, where he had a distance of fully twenty-nine feet to go in order to clear the approaching car; that when he came to the space between the two tracks and was about to step upon the further track, and then had about six feet further to go to be fully across, out of the way of the car, the car was only thirty feet away, still coming rapidly with unabated speed; and that, without at all increasing his speed, he continued his walk and was struck as he was passing over the further rail — that is, after he had walked about five feet more; and that there was, throughout his passage from the curb, nothing to obstruct his view or distract his attention from the approaching car. (*Zucker* v. *Whitridge*, 205 N. Y. 50; *Lofsten* v. *Brooklyn Heights R. R. Co.*, 184 id. 148; *Peterson* v. *Ocean Electric R. Co.*, 161 App. Div. 720; *Wecker* v. *Brooklyn, Queens County & S. R. R. Co.*, 136 id. 340.)"

While in *Ploxin* v. *Brooklyn Heights R. R. Co.* the accident occurred in the middle of a block, I do not think such circumstance distinguishes that case from the case at bar, because here the plaintiff saw that the car was not going to stop at the crossing, but was bearing down upon him with

undiminished speed. (See, also, *Walsh* v. *Brooklyn, Queens County & S. R. R. Co.,* 169 App. Div. 166; *Wecker* v. *Brooklyn, Queens County & S. R. R. Co.,* 136 id. 340; *McCabe* v. *International R. Co.,* 143 id. 710; *Woodward* v. *New York Railways Co.,* 164 id. 658, and cases there cited; affd., 221 N. Y. 538.)

The case of *Woodward* v. *New York Railways Co.* (*supra*) arose in this department. In that case the driver of a horse attached to a light vehicle attempted to cross a trolley track in front of a street car, which the driver saw approaching a block away, and was hit by the car before getting across. The driver brought action to recover for injuries which she sustained, and which she alleged were caused solely by the negligence of the defendant street car company, and at Trial Term recovered a verdict. Upon appeal from the judgment entered thereon, this Appellate Division held, by a divided court, that the driver was guilty of contributory negligence as matter of law and could not recover, and the complaint was dismissed. The Court of Appeals affirmed the judgment of this court, without opinion, by a decision handed down May 25, 1917, several months after the determination of the former appeal herein.

The respondent urges, with considerable plausibility, that the reversal of the judgment entered upon the first verdict in this case was based upon the erroneous charge of the court upon the trial, and that, in basing the reversal upon such grounds and directing a new trial, this court had held, by implication, at least, that the circumstances presented a question of fact for the determination of the jury as to the contributory negligence of the plaintiff. The case of *Ploxin* v. *Brooklyn Heights R. R. Co.* (*supra*), in its facts so identical with the case at bar, was decided by the Appellate Division of another department, and is reported in a brief syllabus in an inconspicuous place in volume 171 of the Appellate Division Reports, 925. At the time this case was here on the former appeal, the unanimous affirmance of the *Ploxin* case in the Court of Appeals had not been announced, and the Court of Appeals had not decided the *Woodward* case. Upon the determination of the former appeal in the case at bar this court believed that the evidence had been submitted to

the jury under erroneous instructions prejudicial to defendant's rights, and for that reason granted a new trial. Had the decisions of the Court of Appeals in the *Ploxin* and *Woodward* cases been then brought to the attention of this court, undoubtedly it would have held that the plaintiff was guilty of contributory negligence as matter of law, and the complaint would have been dismissed.

Entertaining the opinion that, under the evidence, plaintiff cannot recover, it is unnecessary to consider errors which the appellant claims occurred in the **trial** court's charge in submitting the case to the jury.

The judgment and order appealed from should be reversed, with costs, and plaintiff's complaint dismissed, with costs.

CLARKE, P. J., concurred.

Judgment and order affirmed, with costs.