Mary A. Cavo, as Administratrix, etc., of Aurelio B. Cavo, Deceased, Respondent, *v.* Andrew E. Kalbach, as Receiver of the Second Avenue Railroad Company, Appellant.

First Department, March 7, 1919.

**Railroads — negligence — death of pedestrian struck by street car — contributory negligence.**

Action to recover for the death of a person who was struck by the defendant's street car. It was contended by the defendant that the decedent was killed by an automobile rather than by its street car. Evidence examined, and *held*, that the jury were justified in finding that the deceased was killed by the defendant's car and not by the automobile.

However, where it appears that the decedent, at the time he met his death, was walking toward the car in a diagonal direction and was immediately struck as he stepped in front of it so that the car must have been very close to him, there was contributory negligence as a matter of law which bars a recovery.

Appeal by the defendant, Andrew E. Kalbach, as receiver, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of June, 1918, upon the verdict of a jury for $7,500, and also from an order entered in said clerk's office on the 5th day of June, 1918, denying defendant's motion for a new trial made upon the minutes.

*Charles H. Tuttle* of counsel [*Martin A. Schenck* with him on the brief; *Charles E. Chalmers*, attorney], for the appellant.

*John E. McIntyre*, for the respondent.

PAGE, J.:

This is a statutory action to recover damages for the negligent causing of death. The plaintiff called but one eye witness, a newsboy who was standing at the northwest corner of Seventy-third street and Second avenue. He testified that he was looking east at about a quarter to seven in the evening of January 29, 1917, and he saw the deceased leave the northwest corner and walk diagonally across the avenue in a southeasterly direction. The car operated by the defendant was a north-bound car. The deceased crossed the south-bound tracks, and just as he was stepping upon the north-bound track he was hit by the car, fell with his head in the west roadway and his feet on the south-bound track. He received a fracture of the skull from which he died. The defendant's motorman testified that an automobile came around his car from the west and swung in front of the car and proceeded uptown; that he saw a bundle fall from this automobile, as he supposed, but when he got nearer to the spot he observed that what he had thought was a bundle was the body of a man. The conductor also said that he saw the people looking out of the car and he looked out and saw the man's body lying in the street ahead of the car. One of the passengers on the car who was called by the plaintiff said that she did not see the man struck but she was one of the passengers that looked out and saw the body of the deceased. She testified that there was no automobile passing, as did the newsboy, and the motorman is the only one who testified to the seeing of an automobile.

The jury were justified in disbelieving the testimony of the defendant's witnesses which would tend to show that the deceased was struck by an automobile. The difficulty with the case is, accepting the testimony of the newsboy as to the manner of the happening of the injury, it fails to prove any negligence on the part of the defendant and shows that the deceased was chargeable with contributory negligence as a

matter of law. He was walking toward the car in a diagonal direction and he stepped directly in front of it and was struck immediately, so that the car must have been very close to him when he stepped on the track. It has been repeatedly held on facts analogous to those presented in this case to establish contributory negligence as a matter of law. (*Peterson* v. *Ocean Electric R. Co.*, 161 App. Div. 720, 722; affd., 214 N. Y. 43; *Ploxin* v. *Brooklyn Heights R. R. Co.*, 171 App. Div. 925; affd., 220 N. Y. 609. See, also, *McGuire* v. *New York Railways Co.*, 186 App. Div. 66.)

The judgment should be reversed, with costs to appellant, and the complaint dismissed, with costs to the defendant.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.