[No. 14026.   Department Two.—January 5, 1891.]

## AUGUSTE SCHRAMM ET AL., RESPONDENTS, *v.* SOUTHERN PACIFIC COMPANY, APPELLANT.

ORDER GRANTING NEW TRIAL — REVIEW ON APPEAL — DISCRETION.— An order granting a new trial will be reversed as readily as an order refusing it, when it is granted solely through a misapprehension of law; but if the grounds of the motion are numerous, and include insufficiency of the evidence, and other grounds upon which the discretion of the court might be exercised, and the order is in general terms, and no clear abuse of discretion appears, the order will be affirmed.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial.

The facts are stated in the opinion of the court.

*John D. Bicknell,* for Appellant.

*Pepper & Lindenfield,* and *E. C. Bower,* for Respondents.

McFARLAND, J.—This is an action brought by the widow and children of John Schramm, deceased, to recover damages for his death, which is alleged to have occurred on the railroad track of defendant, and to have been caused by the negligence of defendant and its employees. The jury returned a verdict for defendant, and the court below granted a new trial. From the order granting plaintiffs' motion for a new trial, defendant appeals.

Orders of trial courts granting new trials are not often disturbed, and yet when it appears that such an order was granted through misapprehension of the law, it should be reversed as readily as an order refusing a new trial. But in the case at bar it is impossible to know the reasons upon which the order was based. The grounds of the motion were numerous, including alleged errors in ruling upon the admissibility of evidence and upon instructions to the jury, insufficiency of the evidence to justify the verdict, and that it is against law, and misconduct and irregularity in the proceedings of the court and jury. The order of the court merely grants the motion in general terms. If it could be said that the motion rested entirely on supposed errors in giving or refusing instructions to the jury, it might be well urged that the order should be reversed, for there were certainly no errors committed in that regard against the plaintiffs. They were as favorable (if not more so) to plaintiffs as they could have been reasonably expected under the law as established in this state upon the subjects embraced in the instructions; and if there was any error committed on this point there was none of which plaintiffs should complain, and we see no other errors of law sufficient to warrant a new trial. But if the court granted the motion on the ground of insufficiency of evidence to justify the verdict (as it may have done), we are not prepared to say that in so doing it grossly abused its discretion. Moreover, the point as

to the irregularity of the proceedings may have had weight with the court. A number of written instructions which had been asked and refused, and had been indorsed by the judge "Not given," went to the jury with those that were given. This, of course, was irregular and wrong; but such an irregularity would not always warrant a court in setting aside a verdict, for it might appear that it probably did no harm. In the case at bar, however, the court might have thought that harm was done. For instance, there was a contested issue of fact whether or not there was a " crossing " at the place where the accident occurred; and on an instruction referring to that matter the judge had indorsed, " Not given; not shown to be a crossing." And the judge may have thought that this, and also the refusal of other instructions, might have been taken by the jury as the expression of his opinion on questions of fact. He is presumed to have been better acquainted with the whole case than this court, and to have known better what might have influenced the jury. While, therefore, upon the case as we see it, we may not be very strongly impressed with the conviction that it was the duty of the court below to set aside the verdict, still we do not feel it to be our duty to set aside the order of the court. That course is rarely taken here, except when the questions raised involve issues of law alone.

Order appealed from affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.