(163 App. Div. 232)

### MEGINN v. RAMSDELL et al.

(Supreme Court, Appellate Division, Second Department. June 26, 1914.)

1. CARRIERS (§ 286*)—LIABILITY FOR DEFECTS IN PREMISES—SNOW AND ICE.
   A ferry company must exercise reasonable care in the maintenance of the approaches to its ferry house; but no negligence can be predicated upon the failure to remove snow and ice within an hour after it has fallen.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1142–1148, 1150–1152; Dec. Dig. § 286.*]

2. RELEASE (§ 55*)—PRESUMPTION—VALIDITY.
   A release of a claim for damages for personal injury, read in evidence by defendant, and the execution of which was not denied by plaintiff is presumed to be valid.

   [Ed. Note.—For other cases, see Release, Cent. Dig. §§ 94–100; Dec. Dig. § 55.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

**3. Appeal and Error (§ 1175\*)—Disposition—Dismissal of Action.**

    Where an action for personal injury should have been dismissed at the close of the entire case, the Supreme Court, on reversing a judgment for plaintiff, will dismiss the complaint.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.\*]

Appeal from Trial Term, Dutchess County.

Action by Elizabeth Meginn against James A. P. Ramsdell and others, individually and as trustees, etc., of Homer Ramsdell, deceased. Judgment for plaintiff. Motion for new trial denied, and defendants appeal. Judgment and order reversed, and complaint dismissed.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Walter L. Glenney, of New York City, for appellants.

Morschauser, Mack & Mulvey, of Poughkeepsie, for respondent.

BURR, J. [1] Plaintiff's complaint is based upon an allegation that defendants negligently permitted their walks and approaches to the ferry house to become smooth and icy, and not upon any defective construction thereof. In addition, plaintiff's own testimony is to the effect that the walk was icy at the spot where she fell, and this was twice repeated. It appears without dispute that snow and sleet had fallen on the morning in question, and it had only ceased storming about an hour before the accident. The rule applicable to defendants is the use of reasonable care in the maintenance of the approaches to its ferry house. Weldon v. N. Y., N. H. & H. R. R. Co., 159 App. Div. 649, 144 N. Y. Supp. 868; Kelly v. Manhattan Railway Co., 112 N. Y. 443, 20 N. E. 383, 3 L. R. A. 74. No negligence could be predicated upon failure to remove snow or ice within an hour after it had fallen.

[2] It appeared in evidence that plaintiff had executed a release in writing of the claim in suit. When the defendants read in evidence this instrument, whose execution was not denied, the presumption arose that it was valid. Griffith v. American Bridge Co., 157 App. Div. 264, 142 N. Y. Supp. 199. Plaintiff's own testimony clearly establishes that she intended to execute a full release of her claim, although at the time of the accident she may have been ignorant of her injuries.

[3] At the close of the entire case, plaintiff's complaint should have been dismissed, and, acting within the power and authority now given to us, we think that the judgment and order appealed from should be reversed, with costs, and plaintiff's complaint dismissed, with costs. All concur.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes