AUDITORIUM CO. v. SAM S. SHUBERT BOOKING AGENCY.

(Supreme Court, Special Term, New York County. July 28, 1914.)

JUDGMENT (§ 852*)—STAY OF PROCEEDINGS.

Under Code Civ. Proc. § 775, providing that an order to stay proceedings for more than 20 days shall not be made by a judge out of court except to stay proceedings upon an order or judgment appealed from, the court, where no appeal had been taken and there was therefore no "judgment appealed from," had no power ex parte to grant a stay for longer than 20 days, and the stay would be reduced to that period.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1564; Dec. Dig. § 852.*]

Action by the Auditorium Company against the Sam S. Shubert Booking Agency. Motion by plaintiff to vacate an order granted ex parte and without security, staying all proceedings on the part of the plaintiff of the execution of the judgment until 30 days after service of the said judgment with notice of entry thereof. Modified.

See, also, 148 N. Y. Supp. 1104.

Louis Sturcke, of New York City, for the motion.
William Klein, of New York City, for opposed.

GIEGERICH, J. The papers before the judge who granted the ex parte order showed that an appeal was to be taken to the Court of Appeals. The only authority for granting a stay in such a case is found in section 775 of the Code. Section 1351 relates only to appeals to the Appellate Division. Under section 775 the judge to whom the application was made had power to grant a stay for 20 days, but as no appeal had yet been taken and there was therefore no "judgment appealed from," in the language of section 775 he had no power to grant a longer stay.

The order must be modified so as to reduce the stay to one of 20 days.

(163 App. Div. 466)

NORTON v. ERIE R. CO. (No. 216–69.)

(Supreme Court, Appellate Division, Fourth Department. July 7, 1914.)

1. COMMERCE (§ 27*)—FEDERAL EMPLOYERS' LIABILITY ACT—APPLICABILITY.

A yard switchman sustaining fatal injuries while assisting in moving freight cars left in the yard by a fast through freight was not within the protection of the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65, as amended by Act April 5, 1910, c. 143, 36 Stat. 291 [U. S. Comp. St. Supp. 1911, p. 1324]), where the cars during the trip did not pass out of the state and contained no freight for interstate commerce, though the railroad company maintained railroads extending through several states.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. § 27.*]

2. APPEAL AND ERROR (§ 1175*)—DISPOSITION OF CASE ON APPEAL.

Where, in an action for the death of a railroad employé, the complaint was broad enough to establish a case under the federal Employers'

Liability Act or the law of the state, and the evidence failed to establish a case under either law, and no prejudicial error has been pointed out, and every ground for recovery was considered by the trial court, the court on appeal from a judgment for plaintiff will not order a new trial but will, as authorized by Code Civ. Proc. § 1317, dismiss the complaint.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Appeal from Trial Term, Steuben County.

Action by Gertrude I. Norton, as administratrix of Shadrach Norton, deceased, against the Erie Railroad Company. From a judgment for plaintiff and from an order denying a new trial, defendant appeals. Reversed, and complaint dismissed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

F. A. Robbins, of Rochester, for appellant.
James O. Sebring, of Corning, for respondent.

KRUSE, P. J. The plaintiff's intestate, a yard switchman in the defendant's employ, was riding on the side of a freight car in the defendant's yards at Hornell, and was knocked off the car by a baggage truck which had been carelessly left between the tracks by a baggage-man, receiving injuries which resulted in his death. The case was submitted under the federal Employers' Liability Act (April 22, 1908, c. 149, 35 Stat. 65, as amended by Act April 5, 1910, c. 143, 36 Stat. 291 [U. S. Comp. St. Supp. 1911, p. 1324]).

At the close of the evidence the trial court held that the plaintiff had failed to make out a case either at common law or under the statutes of this state. We think that ruling was correct, and we are also of the opinion that the plaintiff failed to make out a case under the federal Employers' Liability Act, for the reason that, although defendant was engaged in interstate commerce as well as intrastate commerce, it does not appear that the particular service in which plaintiff's intestate was employed at the time he was injured was a part of such interstate commerce.

[1] The defendant's railroad extends through several states. Freight trains coming into the Hornell yard are broken up and new trains formed; others pass through unbroken. The general work of the yard crew to which the deceased belonged was shifting and classifying cars and doing general switching work in the yard. Plaintiff's intestate was injured at the time he was assisting in the work of moving six freight cars. Although the cars came in a fast through freight, they were put into the train at Buffalo and left at Hornell, at no time during the trip passing out of the state. The train which brought them had proceeded on its journey several hours before the accident occurred. There is no proof that any of them contained freight coming from outside the state, or that the cars were in use in interstate traffic in any way at the time of the accident. The proof is quite to the contrary.

Under these circumstances, we are of the opinion that the disposition of this case is controlled by the decision of the federal Supreme

Court in the case of Illinois Central R. R. Co. v. Behrens, 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. —— (decided April 27, 1914), where it was held under similar circumstances that the case was not within the federal Employers' Liability Act.

[2] The only remaining question which needs to be considered· is whether we should grant a new trial or dismiss the complaint. While the complaint itself is broad enough in its statement of facts to make out a case under the laws of our state, if the case is not within the federal Employers' Liability Act, the evidence fails to make out a case under either the federal statutes or the state law. The case is made up by question and answer, as is required by rule 34 of the General Rules of Practice, in effect November 1, 1913, and the stipulation of the attorneys for the respective parties attached to the case is to the effect that it contains all the proceedings and all the evidence offered or received on the trial. No error prejudicial to the plaintiff has been pointed out, and we have discovered none in the record. Every ground urged for recovery against the defendant seems to have been considered by the trial court, and is presented by the record now before us. We are therefore of the opinion that a new trial should not be ordered, but that the complaint should be dismissed, as may be done under the provisions of section 1317 of the Code of Civil Procedure.

The judgment should be reversed and the complaint dismissed, with costs. All concur.