[S. F. No. 11585. In Bank.—April 23, 1926.]

In the Matter of the Estate of DAVID JENNINGS BAIRD, Deceased. DAVID JENNINGS BAIRD, Respondent, v. VERONICA C. BAIRD et al., Appellants.

[1] NEW TRIAL—NEWLY DISCOVERED EVIDENCE—WHEN INSUFFICIENT. Newly discovered evidence, impeaching in its character, is not sufficient to justify the granting of a motion for a new trial.

[2] PARENT AND CHILD—ILLEGITIMATE CHILD—ADOPTION BY FATHER— ESSENTIALS.—Four things are essential to the adoption of an illegitimate child by its father: 1st. He shall be its natural father. 2d. He shall have publicly acknowledged himself to be its father. 3d. He shall have received the child into his family. 4th. He shall have otherwise treated it as his legitimate child.

[3] ID.—PREVIOUS DECISION—LAW OF THE CASE.—The determination of the supreme court on the previous appeal of this case as to the legal effect of the evidence then before the court has established the law of the case and it is binding upon the trial court as well as upon the supreme court.

[4] ID.—MOTION FOR NEW TRIAL—NEWLY DISCOVERED EVIDENCE—IN-SUFFICIENT SHOWING.—Where the matters set forth in affidavits in support of a motion for a new trial on the ground of newly discovered evidence, if proven at a subsequent trial, would be insufficient, with the evidence taken at the trial, to establish the petitioner's claim, the trial court is not justified in granting a motion for a new trial on said ground.

[5] ID. — JUDGMENT OF NONSUIT — ERRONEOUS GRANTING OF NEW TRIAL.—Where the supreme court, on a former appeal, held, among other things, that the trial court erred in denying a motion for a nonsuit, a judgment of the trial court entered in pursuance of said decision was in reality a judgment of nonsuit, and not resting upon any evidence, it was error for the trial court to grant a motion for a new trial upon the ground of insufficiency of evidence.

[6] ESTATES OF DECEASED PERSONS—ADOPTION—PETITION FOR PARTIAL DISTRIBUTION—JUDGMENT ON APPEAL—POWER OF SUPREME COURT. In a proceeding for partial distribution of the estate of a deceased person brought by one claiming to have been the adopted

1. See 20 Cal. Jur. 98; 20 R. C. L. 294.
2. See 1 Cal. Jur. 455; 1 R. C. L. 598.
3. See 2 Cal. Jur. 944; 2 R. C. L. 223.
4. See 20 Cal. Jur. 92.
6. See 2 Cal. Jur. 991.

son of the decedent, where the supreme court reversed the judgment upon the ground that the evidence was insufficient to show the adoption, it had power to direct the trial court to enter judgment in favor of the appellants and denying the petition for partial distribution.

[7] ID.—JUDGMENT OF NONSUIT—FINDINGS UNNECESSARY.—No findings of fact are necessary, nor have they any place, in an action where a judgment of nonsuit is rendered.

[8] ID.—APPEAL—ORDER FOR JUDGMENT OF NONSUIT—JURY TRIAL.— An order of the supreme court directing the trial court to enter a judgment of nonsuit, when the evidence is insufficient, does not violate the petitioner's constitutional right to a trial by jury.

[9] ID. — NEW TRIAL — DISCRETION OF TRIAL COURT—APPEAL. — While the powers of trial courts in passing upon motions for new trials are broad and extensive they are not unlimited and where they err in the application of legal principles in granting motions the error will be corrected on appeal just as readily as if the motion had been overruled.

---

(1) 29 Cyc., p. 918, n. 5.    (2) 7 C. J., p. 948, n. 8.    (3) 4 C. J., p. 1110, n. 80, p. 1218, n. 13.    (4) 29 Cyc., p. 993, n. 56.    (5) 4 C. J., p. 1224, n. 96.    (6) 4 C. J., p. 1123, n. 46, p. 1185, n. 57, p. 1190, n. 14, p. 1239, n. 6.    (7) 38 Cyc., p. 1955, n. 24.    (8) 35 C. J., p. 241, n. 75.    (9) 4 C. J., p. 829, n. 38, p. 830, n. 39; 29 Cyc., p. 1008, n. 48.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting motions for a new trial. T. I. Fitzpatrick, Judge. Reversed.

The facts are stated in the opinion of the court.

K. C. Partridge for Appellants.

C. M. Fickert, E. A. Cunha, R. P. Henshall and Robert R. Moody for Respondent.

CURTIS, J.—This appeal was taken from an order of the court granting two motions for a new trial. The original petition herein was filed by David J. Baird, a minor, by his guardian, Lydia M. Valencia. Thereafter an amended petition was filed by said minor through his said guardian, praying for partial distribution of the estate of David J. Baird, deceased, to said petitioner as the adopted son and heir of

---

9. See 20 Cal. Jur. 27.

said deceased. There have been three trials of the issues involved in this proceeding, from the judgment in each of which an appeal was taken to this court. The opinions rendered therein are reported in 173 Cal. 617 [160 Pac. 1078] 182 Cal. 338 [188 Pac. 43], and 193 Cal. 225 [223 Pac. 974], respectively. The facts out of which this controversy arose are in the main set forth in the former opinions of this court and accordingly it will not be necessary to repeat them here.

The judgment rendered at the first trial of the issues involved herein was reversed on the ground that the trial court erred in refusing the demand of petitioner, the respondent herein, for a jury trial. On the second trial the verdict of the jury was in favor of petitioner. This court reversed the judgment therein on the ground that the evidence was insufficient to show that the decedent had adopted petitioner as his child within the meaning of section 230 of the Civil Code. The case in due time came on for trial for the third time. It was tried before a jury, and, like the second trial, resulted in special verdicts in favor of petitioner. The court adopted the special verdicts, made findings of fact and conclusions of law and entered its decree of partial distribution in petitioner's favor. From this decree or judgment the executors of the last will and testament of said deceased and those claiming interest in said estate adverse to petitioner appealed. On this appeal this court again reversed the judgment of the trial court, and in doing so it held that the former decision of this court had established the law of the case, but further held "that apart from the doctrine of the law of the case the evidence received on the last trial is insufficient to sustain the special verdicts, or to support the findings, and that a case of adoption has not been established." (*Estate of Baird,* 193 Cal. 225, 290 [223 Pac. 974, 1001].) The court further held "that the court erred in denying the motion for nonsuit, in denying the motion for an instructed verdict, and in failing to enter judgment for appellants." It further made the following order: "The decree of partial distribution is reversed, and the trial court is ordered and directed to set aside the special verdicts, and findings, and to enter judgment for appellants, denying the petition for partial dis-

tribution upon the ground that respondent is not the adopted son or heir of the deceased.''

After the filing of the *remittitur* in the lower court, petitioner, on the fifteenth day of April, 1924, filed his notice of intention to move for a new trial and "that the former verdict and the purported decision and judgment herein rendered against him upon his petition and amended petition for partial distribution be vacated and that a new trial be granted." The grounds set forth in said notice upon which said motion would be based were all those designated in section 657 of the Code of Civil Procedure. Thereafter and on the twenty-second day of April, 1924, the trial court, pursuant to said *remittitur*, "and not otherwise," made its order vacating and setting aside said special verdicts and findings and denying said petitioner's petition for distribution. Thereafter, and on the second day of May, 1924, petitioner served and filed a second notice of intention to move for a new trial "and that the former verdict and purported decision and judgment dated April 22, 1924, herein rendered on and filed on April 23, 1924, and entered in Judgment Book 606 at page 463 against him upon his petition and amended petition for partial distribution be vacated and that a new trial be granted." The grounds upon which this second motion was based, as stated therein, were the same as those set forth in petitioner's first notice of intention to move for a new trial, and were all the grounds designated in section 657 of the Code of Civil Procedure. The motions for a new trial were argued on the fourth day of June, 1924, at which time six affidavits in support of the ground of newly discovered evidence were presented by petitioner. He also, probably as a matter of extra precaution, offered at this time and there was received in evidence the entire testimony taken at the former or third trial of said cause, together with all depositions and exhibits in the case and also the charge of the court upon the trial of said cause, "together with certain instructions requested by appellants herein." Counteraffidavits were also presented and filed by and on behalf of the said Veronica C. Baird and others contesting respondent's petition, as was also the deposition of Miles T. Baird taken previously and filed in said court on the twenty-sixth day of February, 1921. Thereupon, and in addition to the foregoing, the respondent herein offered and there was received

in evidence a document denominated and called "demurrer, objections and resistance." Said document was signed by the attorneys for petitioner and had been theretofore filed in said cause on the sixteenth day of April, 1924. Upon these affidavits, testimony, the former deposition of Miles T. Baird and the document last referred to, the two motions of petitioner were submitted and thereafter by the court granted. The order granting the said motions, following certain formal recitals, was as follows: "And the court being fully advised in the premises, it is now here ordered that the said motions for a new trial be, and each of said motions for a new trial is, hereby granted upon all the grounds specified in said notices of intention, and as argued and presented upon said motions, except, upon the grounds specified in subdivisions 1, 2, 3 and 5 of section 657, C. C. P.

"And in this regard the court in accordance with said section 657, C. C. P., doth further grant said motion for a new trial in addition upon the ground of the insufficiency of the evidence to justify and sustain the verdict and the decision, and in this regard the court doth specify that in its opinion and decision herein certain testimony of certain witnesses who testified on behalf of the respondent to the petition herein is not true and that said testimony is not believed by the court to be credible and true and therefore that the decision herein is not sustained by the evidence."

From this order the said Veronica C. Baird, Benjamin H. Baird, and Thomas R. Baird have appealed. The appeal is brought before this court upon a bill of exceptions.

It will be noted that the order granting a new trial was granted on all the grounds enumerated in section 657 of the Code of Civil Procedure except those specified in subdivisions 1, 2, 3, and 5. The motions were therefore granted upon the grounds set forth in subdivisions 4, 6, and 7, which are as follows:

"4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial;

"6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against law;

"7. Error in law, occurring at the trial and excepted to by the party making the application."

We might mention at this time that the respondent thereafter moved to dismiss said appeal but said motion was denied by this court (*Estate of Baird*, 195 Cal. 59 [231 Pac. 744]). It is the contention of appellants that the trial court was not justified in granting said motions for a new trial, or either of them, on any of the grounds set forth in said order or upon any grounds whatever. We will discuss the several grounds upon which said motions were granted in the order in which they are above enumerated.

1. Newly discovered evidence. Of the affidavits presented by respondent in support of his motions for a new trial are those of Lydia M. Valencia and Mary Westerfeld. In these affidavits the affiants therein refer to certain statements made to them by Miles T. Baird since the last trial of this cause. A counter-affidavit was filed by the said Miles T. Baird, in which he stated that he had not seen either said Lydia M. Valencia nor the said Mary Westerfeld since the year 1914, and that the statements made by them respectively in their affidavits were false and untrue. The only argument advanced by respondent to sustain the order of the trial court granting the motions for a new trial on the ground of newly discovered evidence is that as the conclusion of the trial court upon conflicting affidavits is conclusive, it evidently believed Miss Valencia and Miss Westerfeld and therefore believed that Miles T. Baird had committed perjury and "if Miles T. Baird had committed perjury on so important a matter as detailed in the affidavit of Miss Valencia the propriety of a new trial hardly seems to be an open question." In other words, it is claimed that the newly discovered evidence on the part of respondent would impeach the witness Miles T. Baird, who testified to material and important matters involved in this controversy. [1] It has been repeatedly held that evidence impeaching in its character is not sufficient to justify the granting of a motion for a new trial (*Waer* v. *Waer*, 189 Cal. 178 [107 Pac. 891]). In this case the court said (p. 180) : "In so far as the affidavit immediately under consideration purported to narrate a statement of the plaintiff which in effect was contradictory of something he had testified to at the trial it was impeaching in its character and, therefore, insufficient on appeal as the basis of review of a motion for a new trial, for it is the rule in this state that 'newly discovered evidence which is

merely . . . designed to contradict a witness is not of a character to warrant a new trial.' '' (Citing authorities.)

Notwithstanding our opinion that the purported newly discovered evidence on behalf of petitioner would be inadmissible upon a subsequent trial of this cause, if one were granted, for the reason just stated, we will, nevertheless, discuss it in its relation to the issue involved herein, even though this can only be done at considerable length. The four affidavits of Lydia M. Valencia, Mary E. Westerfeld, Mary A. Reed and Robert Jackson, we understand, contain all the newly discovered evidence upon which the respondent relies to sustain the order of the court granting his motions on that ground. The other two affidavits presented by respondent and used at said hearing were by his attorneys. They did not purport to set forth any newly discovered evidence, but simply set forth facts showing due diligence on their part in the procurement of the newly discovered evidence. The document before referred to as a ''demurrer, objection and resistance'' was not sworn to, and we do not understand that respondent in any way claims that it contained any statement of facts which could be legally used on said hearing. We will therefore confine our discussion to respondent's four affidavits above referred to.

The affidavit of Lydia M. Valencia is as follows:

''That on two separate occasions since the last trial of the above entitled cause, and while the same was pending on appeal, Benjamin H. Baird, a half brother of the deceased, and one of the parties to the above entitled matter, called upon affiant and the petitioner at his own request. He stated that the object of his visit was for the purpose of settling the case out of court, and he wanted to know just what amount affiant would take to settle the claim of her son, David Jennings Baird, to the estate of his father. Said Benjamin H. Baird further stated that he was going to see to it that affiant would take good care of his brother's child, and that he would force affiant to accept his terms of settlement as he had the power and the influence. He further stated, on one of these occasions that he and his mother knew all about the existence of the child prior to the death of his brother, David Jennings Baird; that the deceased had told his mother, Veronica C. Baird, that petitioner was his son and that they had many conversations and arguments

concerning the petitioner; that notwithstanding the objections of his mother, the deceased insisted upon keeping in his room, at the Fairmont Hotel, pictures of the petitioner; that in doing so the deceased had caused his mother a good deal of grief;

"Said Benjamin H. Baird further stated that both he and his mother believed that affiant was married to his brother David until affiant informed him to the contrary at the time he called at 230 I Street, San Francisco, immediately after the death of his brother.

"Affiant further deposes and says that on numerous occasions since the last trial of said cause, Miles T. Baird, a full brother of the deceased, called upon affiant and the petitioner. On one of these occasions, he said: 'I was extremely sorry for my mother's hostile attitude toward David, but my mother believed she was justified in doing anything, whether it was right or wrong, to defeat the child's rights and, in doing so, I guess she is no different from most women under such circumstances.' He further stated that both he and his sister, Marie Sproule, had endeavored to get their mother to do what was right by the child but so far they had failed, as his mother was being influenced against the child by his half brother, Benjamin H. Baird. Said Miles T. Baird further stated that he and his half brother, Benjamin H. Baird, had actually come to blows over the fact that said Benjamin H. Baird had induced his mother to give false testimony in her deposition concerning her knowledge of the petitioner. Said Miles T. Baird further stated to affiant that both he and his mother had full knowledge of the existence of the petitioner long prior to the death of David Jennings Baird, and he stated that his mother, the deceased and himself had many arguments concerning the petitioner, and that the deceased had informed his mother that he was the father of the petitioner and that he was going to do what he thought was right regardless of her objections; that said Miles T. Baird further stated that he and his mother were in Europe at the time they received news of the death of his brother David; that before coming to America, they had talked over the possibilities of a contest over his brother's estate, and whether or not deceased had left a will providing for the child, and whether the deceased was married to affiant.

"Said Miles T. Baird further stated that if the case were again tried, he would gladly appear as a witness for the petitioner and tell the whole truth. On some of his visits, he took the petitioner out riding in his automobile."

The affidavit of Mary E. Westerfeld refers to certain conversations had with Miles T. Baird subsequent to the former trial, in which she relates that he made statements to her similar to many of the statements set out in the above affidavit of Lydia M. Valencia. The principal matters contained in her affidavit and not found in that of Lydia M. Valencia were that Miles T. Baird had a number of small snapshots of respondent taken when he was a child and that Miles told her that these were sent to him by the deceased while he and his mother were in Europe and that he had kept them ever since and had exhibited them to his mother before the death of David J. Baird, and furthermore that he had seen the child and that the resemblance between him and the deceased was very striking. She further stated in her affidavit that on this occasion Miles T. Baird had told her that he had received letters from the deceased during his absence in Europe in which he mentioned the child as his own.

The affidavit of Mary A. Reed sets forth that she was not acquainted with the petitioner or his mother, Lydia M. Valencia, but that she had been acquainted with John Rush Baird during his lifetime and that he had stated to her that his brother David had told him that he had been secretly married to Miss Valencia and that said David Jennings Baird was apparently embittered towards his two stepbrothers, who were then quite young. She further set forth in her affidavit that she was well acquainted with Veronica C. Baird, met her in Paris and had frequent conversations with her concerning the relationship that existed between her son David and Miss Valencia and concerning the existence and paternity of respondent, in which conversations Mrs. Baird said that under no circumstances would she recognize or acknowledge the child, and that Mrs. Baird was very embittered towards Miss Valencia and that she had left San Francisco and gone to Paris to live on account of the notoriety her son had brought upon her through his association with Miss Valencia.

The affidavit of Robert Jackson set forth that he was in the employ of David Jennings Baird during the year 1907, and that in the year 1908, while Mrs. Baird was staying at the Fairmont, she and her son David had an argument concerning this child and that David told him that his mother took him to task about his association with the child and its mother and tried to persuade him not to go near them, but that he told his mother that he knew his own business and was his own boss and that no matter what she said he was going to look after the child, meaning the respondent; that on this occasion, after the altercation, he took David from the Fairmont Hotel to 230 I street, where respondent and his mother were then living; he further referred to Mrs. Baird having detectives employed to follow her son David; he also stated that he had frequently met Miles T. Baird during the lifetime of his brother David and had several conversations with him concerning the child, in which Miles told him the child looked exactly like his brother Dave and that he felt extremely sorry for the child and would like to help him, but was unable to do so on account of the opposition of his sister and mother to the child. He further related a conversation that he had had with John Floyd, who for a number of years was in the employ of the Baird family. These conversations related to Mrs. Baird's knowledge of the child and that she wanted that fact kept quiet, and that Mrs. Baird had purchased for him the house in which he was then living on Eighth Avenue.

[2] In order to properly consider these affidavits and their bearing upon the issues involved in this proceeding it will be necessary to ascertain the prior determinations of this court as to the issues before the court and the evidence produced in support thereof on the former hearings. Upon the second appeal of this matter this court held that four things are essential to the adoption of an illegitimate child by its father: 1st. He shall be its natural father. 2d. He shall have publicly acknowledged himself to be its father. 3d. He shall have received the child into his family. 4th. He shall have otherwise treated it as his legitimate child. (*Estate of Baird*, 182 Cal. 338, 347 [188 Pac. 43].) It was assumed for the purpose of the decision rendered upon the second appeal that the first two of these essential elements

of adoption had been proven, but the court held that there was an absence of evidence to prove either that the deceased, David Jennings Baird, had received respondent into his family or that he had treated respondent as his legitimate child. The court accordingly reversed the judgment rendered on the second trial of this cause upon the ground that there was not sufficient evidence to support the verdict and findings that respondent had been adopted by said deceased. Following this reversal the matter came on for trial the third time and the issues of adoption were again tried by a jury, with the result that the jury again found in respondent's favor. The evidence produced on the third trial was, in a large measure, a repetition of that before the court and jury on the second trial. In some respects, however, it differed from the former testimony, and respondent contended both at said trial and on appeal from the judgment that the evidence was sufficient to sustain the verdict and the finding rendered on the third trial. This court, however, held that there was no substantial or material difference in the testimony taken at the two trials and accordingly that respondent had failed to prove his adoption by legal and competent evidence. The conclusion of this court was expressed as follows: "It may finally be declared that the evidence as to public acknowledgment of paternity, receipt into family, and otherwise treating the child as legitimate does not, in any true sense, conform to the conception of adoption under section 230. The father of a legitimate child would not allow it to live in a clandestine family or to be known by an assumed name, or to be the object of concealment and dissimulation. The father of a legitimate child would not hold himself out to the world as having a residence into which he did not receive it. He would especially provide for the future of the child. Decedent's will, already referred to, was dated July 30, 1903. He gave half of his property to his mother and the other half to his half-brothers. In 1907 executor Brown called his attention to the will, but he made no change therein."

[3] The determination by this court as to the legal effect of the evidence then before the court has established the law of the case and was binding upon the trial court as well as upon this court (*Estate of Baird,* 193 Cal. 225, 289 [223 Pac. 974]).

[4] Taking up now the affidavits on behalf of respondent in support of his motions for a new trial, the question for decision is, would the matters set forth therein, if proven at a subsequent trial, be sufficient to establish those facts which this court has held were necessary for the respondent to establish in order to prove his adoption and which he failed to establish at the former trial? In other words, would the purported newly discovered evidence, together with the evidence before the court upon the third trial, establish the three essential elements of adoption which this court held on the last appeal were not proven at the former trial of this matter? For, unless the newly discovered evidence, with the evidence then in the record and already before the court, would at least tend to establish all three of said essentials, it would be insufficient to warrant the court in granting a new trial on said ground. We will discuss said newly discovered evidence only as it relates to two of said elements of adoption—receipt into the family and treatment as the legitimate' child of said deceased. This court on the former hearing (*Estate of Baird,* 193 Cal. 225, 279 [223 Pac. 974, 998]), held that "the father, in order to comply with section 230, must have a home or habitation into which he shall receive his illegitimate child as his own, and that the place where he lives must be his settled or fixed habitation of which he is the head." The decision then goes on at some length (pages 278–288) to discuss the character of the home or habitation in which petitioner was maintained by the deceased during the lifetime of the latter as shown by the evidence then before the court, and after a most exhaustive review of this evidence this court held that it was not such a home or habitation as was contemplated by section 230 of the Civil Code, and that the receipt by the deceased of the petitioner in such a home was not receiving the child into his family. There is nothing in any of the affidavits submitted by respondent in support of his motion for a new trial that would tend in the least to show that the place or habitation where respondent lived during the lifetime of the deceased and where he and his mother were maintained and supported by the deceased was of any different character from that shown by the evidence in the former trial. There was nothing, therefore, in these affidavits that would show that the deceased received respond-

ent into his family within the meaning of said section 230 of the Civil Code. The same may be said regarding the showing made in said affidavits as to the treatment of respondent by deceased as his legitimate child. We find nothing in said affidavits which would in any way tend to show a different character of treatment accorded respondent by the deceased than that shown by the evidence before the court at the former trial. At the previous hearing it was held (pages 288, 289), after reviewing the evidence upon this phase of the case, that "Such treatment is contrary to the sense in which section 230 of the Civil Code uses the phrase 'otherwise treating it as if it were a legitimate child.'" It is apparent, therefore, that the showing made by respondent in support of his motions for a new trial on the ground of newly discovered evidence was insufficient and that the trial court was not justified in granting said motions for a new trial on said ground.

2. Insufficiency of the evidence. The order granting respondent's motions for a new trial, as we have already seen, in addition to specifying in effect that it was granted upon the ground of the insufficiency of the evidence to justify the verdict, contained the following: "And in this regard the court in accordance with said section 657, C. C. P., doth further grant said motion for a new trial in addition upon the ground of the insufficiency of the evidence to justify and sustain the verdict and the decision, and in this regard the court doth specify that in its opinion and decision herein certain testimony of certain witnesses who testified on behalf of the respondent to the petition herein is not true and that said testimony is not believed by the court to be credible and true and therefore that the decision herein is not sustained by the evidence."

While this order is not entirely free from ambiguity, we understand its purport to be that the trial court specified as one of the grounds for granting the motion for a new trial the insufficiency of the evidence to support the decision or judgment entered by said court in pursuance of the order of this court, and further specified that the court did not believe the testimony of certain witnesses who had testified on behalf of the appellants herein. (In the order they are designated as "certain witnesses who testified on behalf of the respondent to the petition herein"), and, for

the reason that the court did not believe said witnesses, that the said decision and judgment was not sustained by the evidence. The order of this court directing the entry by the trial court of said judgment was made after consideration of all the evidence in respondent's behalf produced before the court at the third trial of this cause. [5] After such consideration this court not only held that "the evidence received on the last trial is insufficient to sustain the special verdicts, or to support the findings, and that a case of adoption has not been established," but the opinion also declared that: "We further hold that the court erred in denying the motion for non-suit, in denying the motion for an instructed verdict, and in failing to enter judgment for appellants." (*Estate of Baird*, 193 Cal. 290 [223 Pac. 1001].) It follows, therefore, that the judgment which was entered by the trial court in pursuance of the order of this court was in reality a judgment of nonsuit and therefore it did not rest for its validity or depend for its support upon any evidence produced on behalf of the appellants herein. Being a judgment of nonsuit, it was made imperative by reason of the lack of evidence introduced by the respondent herein to prove the allegations of his petition and not as a consequence of any evidence on behalf of appellants. It was manifestly improper, therefore, for the trial court to set aside such a judgment on account of the insufficiency of the evidence of the appellants, or for the reason that appellants' witnesses were unworthy of belief, for the simple reason that it was not based upon and did not depend for its validity upon any evidence offered by appellants. This is made more apparent, and in our opinion absolutely conclusive, when we examine the record in this case and find that at the time the appellants herein made their motion for a nonsuit they had not introduced any evidence whatever. When a motion for a nonsuit is granted by the court upon the motion of the defendant it is because of the failure of the plaintiff to prove a sufficient cause for the jury (subd. 5, sec. 581, Code Civ. Proc.). It would certainly be illogical, and absolutely illegal, for the court to thereafter grant a new trial to plaintiff on the ground of the insufficiency of the evidence to support said judgment of nonsuit. It is obvious, therefore, that it was an abuse of discretion on the

part of the trial court for it to grant a new trial herein on the ground of insufficiency of the evidence.

[6] 3. The decision is against law. Under this heading the respondent contends that the supreme court upon the last appeal of this case (193 Cal. 225 [223 Pac. 974]) was without power to direct the trial court to enter judgment in favor of appellants and denying respondent's petition for partial distribution. From what we have already said it appears that this court after a thorough consideration of the question decided that it had such power and made its order accordingly. A petition for a rehearing was filed by the respondent and the question was again presented to this court. The court denied such petition and its action thereon must be taken as a ruling adverse to the contention now being made by respondent. On this appeal being taken the respondent moved for a dismissal thereof and one of the grounds upon which respondent based his said motion of dismissal was that the supreme court exceeded its authority in directing the trial court to enter said judgment. This motion to dismiss was denied (*Estate of Baird,* 195 Cal. 59 [231 Pac. 744]). It will thus be seen that this court on three separate and distinct occasions has ruled upon this very identical question and that its rulings have been consistently against respondent's contention. By these decisions this court has established the law of the case and it is bound by the same. But independent of the law of the case as established by the foregoing rulings of this court, the contention of respondent is in our opinion without merit. On the second appeal of this case, as we have before indicated, it was held that the evidence was insufficient to support the findings of adoption and the case was reversed and a new trial was had. At that trial practically the same evidence was introduced upon the issue of adoption as was before the court on the former trial. At the close of petitioner's evidence the appellants, evidently relying upon the former decision of this court, moved the trial court for a nonsuit, which was denied. On appeal this court held that there was no material difference between the evidence before the court upon the second and third trials and again held that such evidence was insufficient to prove that petitioner had been adopted; that the trial court erred in denying appellants' motion for a nonsuit and reversed the judg-

ment and directed the trial court to enter judgment in favor of appellants. This order was based upon the conclusion of this court that there was no evidence to show adoption and a nonsuit should have been granted. It was in effect an order to enter judgment of nonsuit in appellants' favor. Undoubtedly the court had the power to direct such a judgment under its general appellate powers as defined by section 53 of the Code of Civil Procedure. Without such power this court might go on reversing judgments of the trial court *ad infinitum*, with the latter court making findings contrary thereto. The result would be a contest of endurance between the two tribunals, which would not be conducive to the proper administration of the law, nor to any substantial benefit to the litigants concerned. As to the power of the appellate court to make such an order the supreme court of Montana, under a code provision in all respects similar to section 53 of the Code of Civil Procedure of this state, has held: "We conclude, therefore, that no general rule may be laid down to determine when this court will upon deciding that a plaintiff should have been nonsuited, order the action to be dismissed. This court undoubtedly has the power in all proper cases to make such an order." (*State* v. *Second Judicial District*, 40 Mont. 206 [105 Pac. 721].) The section of the New York code upon the powers of appellate courts upon appeal is very similar to our own and it has been repeatedly held by the courts of this state that the appellate courts have under the provisions of said section authority to direct the trial court to enter a judgment of nonsuit. (*Meginn* v. *Ramsdell*, 163 App. Div. 232 [148 N. Y. Supp. 415]; *Peterson* v. *Ocean Electric R. Co.*, 161 App. Div. 720 [146 N. Y. Supp. 604]; *Norton* v. *Erie R. Co.*, 163 App. Div. 466 [148 N. Y. Supp. 769].) This rule appears to be adopted practically without any dissent in substantially all jurisdictions (4 Cor. Jur. 1190).

It is further contended by the respondent that the supreme court cannot make findings of fact and base a judgment thereon. With this proposition of law we agree. We think it quite evident, however, that the supreme court in this case did not attempt to make any findings of fact. What it did do was to hold that the trial court erred in denying the motion of appellants for a nonsuit and reversed

the case for that reason and made its order directing said court to grant said motion and to enter judgment accordingly. It made no finding of fact whatever, but it found as a matter of law that respondent had not produced evidence sufficient to establish the allegations of his petition, and, therefore, that he had not made out a case for the jury. [7] No findings of fact are necessary, nor have they any place, in an action where a judgment of nonsuit is rendered.

Respondent has presented an argument at some length upon the validity of section 629 of the Code of Civil Procedure, passed by the legislature between the last trial of this matter and the date of the decision of this court reversing the judgment therein. Respondent claims that if said order reversing said judgment was made pursuant to the authority of this section of the code, it was erroneous and illegal for the reason that the provisions of this code section have no retroactive effect, and even if they have such effect, the section itself is unconstitutional. We deem it unnecessary to consider the argument presented by respondent as to the validity of this section of the code for the reason that in our opinion the court had power to make said order of reversal independent of and aside from any authority which said section attempts to confer upon appellate courts. It nowhere appears that this court on the former appeal assumed to act under the provisions of this section and we do not understand that the respondent directly asserts that the action of this court taken therein was made by it by virtue of any authority conferred by said section. The validity of this section, therefore, is not material in this present proceeding.

[8] Neither are we impressed with the argument of respondent that by the order of this court directing the trial court to enter a judgment of nonsuit he was deprived of a jury trial. He was no more deprived of a jury trial by the action of this court ordering such a judgment than he would have been had the trial court itself granted the motion for a nonsuit at the trial of said action. The granting of a nonsuit when the evidence of plaintiff is insufficient to support a judgment in his favor is not a violation of the constitutional right to a jury trial (*Bohn* v. *Pacific Electric Ry. Co.*, 5 Cal. App. 622 [91 Pac. 115]).

4. Errors of law. The only error of law relied upon by respondent to justify the trial court in granting his motions for a new trial is based upon the action of the trial court in admitting testimony over the objection of the respondent covering the past history of respondent's mother prior to the time when her relations with the deceased, David J. Baird, commenced. This same question was before the court upon the last appeal and it was there held (on page 280) that such evidence should not have been excluded.

For the foregoing reasons there was not in our opinion any legal showing made by respondent to justify the trial court in granting his motions for a new trial. In arriving at this conclusion we are not unmindful of the well established and salutary rule which clothes the trial court with broad discretionary powers in the consideration and determination of motions of this character. [9] While these powers are broad and extensive, they are not unlimited and their exercise is controlled by other rules of procedure equally well settled and beneficial in their application. One of these last mentioned rules is that where the trial court errs in the application of the legal principles applicable to a cause in granting a motion for a new trial thereof such action will be corrected on appeal just as readily as if the motion had been overruled (*Schramm* v. *Southern Pac. Co.,* 87 Cal. 425 [25 Pac. 481]; *Flood* v. *Petry,* 165 Cal. 309 [46 L. R. A. (N. S.) 861, 132 Pac. 256]; *Mercantile Trust Co.* v. *Sunset etc. Co.,* 176 Cal. 461 [168 Pac. 1037]).

In our opinion the trial court in granting the respondent's motions for a new trial misapplied the legal principles applicable to this cause and for that reason we think said order should be reversed, and it is so ordered.

Shenk, J., Cashin, J., *pro tem.,* Richards, J., Waste, C. J., and Lennon, J., concurred.